United States Court of Appeals
Fifth Circuit
**FILED**
October 26, 2004
Charles R. Fulbruge III
Clerk

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NOV 3 0 2004

DAVID J. MALAND, CLERK

BY
DEPUTY

# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 03-41383
Summary Calendar

D.C. Docket No. 6:03-CR-21-ALL

UNITED STATES OF AMERICA

       Plaintiff - Appellee

       v.

GUY E SPARKMAN

       Defendant - Appellant

Appeal from the United States District Court for the
Eastern District of Texas, Tyler.

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE:

NOV 17 2004

A true copy
Test
Clerk, U.S. Court of Appeals, Fifth Circuit
By _____
Deputy

New Orleans, Louisiana   NOV 17 2004

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-41383
Summary Calendar

---

UNITED STATES OF AMERICA,

                      Plaintiff-Appellee,

versus

GUY E. SPARKMAN,

                      Defendant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CR-21-ALL

---

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Guy E. Sparkman appeals his conviction following jury trial for theft of Government funds in violation of 18 U.S.C. § 641(a). Sparkman first contends that § 641 is unconstitutional because it is overbroad, vague, and imprisons a person for his debts. Sparkman does not specify in what manner § 641 is overbroad or vague, and his claim thus fails. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). His argument that the statute is unconstitutionally overbroad (or is unconstitutional as applied)

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because it imprisons a person for his debts is facially without merit. See 18 U.S.C. § 641. The thrust of Sparkman's argument is that he should have been prosecuted under a different, less punitive statute, but the decision as to which statute an offender will be charged under is "wholly within the discretion of the prosecution." See United States v. McCann, 465 F.2d 147, 162 (5th Cir. 1972).

Sparkman next contends that the indictment was defective because it employed "generic terms" and failed to allege each of the essential elements of the offense. Because he does not specify which essential elements of the charge were omitted, he has abandoned the claim. See Yohey, 985 F.2d at 224-25. Sparkman also argues that the indictment impermissibly charged numerous offenses, which "compromised" the required specificity of the charge. This claim is frivolous because the indictment charged Sparkman with committing the same offense on 18 different occasions, each comprising a separate offense. The indictment adequately notified Sparkman of the charges against him and is thus sufficient. FED. R. CRIM. P. 7(c)(1); see United States v. Nevers, 7 F.3d 59, 62 (5th Cir. 1993).

Sparkman argues that the jury instructions were erroneous and violated his due process rights. Because none of these allegations were raised in the district court, our review is limited to plain error. United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000). Sparkman first contends that the jury

charge did not require the jury to unanimously find each element of the offense beyond a reasonable doubt. He is incorrect. The district court's charge did require unanimity.

Sparkman next contends that the jury charge was flawed because it did not include his requested instruction regarding his intent to repay. Because the requested instruction was a misstatement of the relevant law, the district court did not err in refusing to give it. See United States v. Maseratti, 1 F.3d 330, 336 (5th Cir. 1993); 18 U.S.C. § 641(a); Fifth Circuit Pattern Jury Instructions § 2.33 (West 2001). Sparkman additionally contends that the district court incorrectly instructed the jury regarding the definition of "theft" because it included the term "conversion," which he urges was not included in the indictment. However, the indictment stated that Sparkman did "convert to his own use" money belonging to the government. To the extent that Sparkman seeks to renew his objection to the variation between the conjunctive charging language in the indictment and the disjunctive language in the jury charge, the claim fails. See Schad v. Arizona, 501 U.S. 624, 631 (1990).

Sparkman further contends that the evidence was insufficient to sustain his conviction. Although Sparkman moved for a judgment of acquittal at the close of the Government's case, he did not renew his motion at the close of all of the evidence. As a result, our review "is limited to determining whether there was

a manifest miscarriage of justice." United States v. Inocencio, 40 F.3d 716, 724 (5th Cir. 1994). Sparkman has not made the required showing. His claim that there was insufficient evidence that the money he took was government property is factually frivolous, and his argument that the evidence failed to show that he intended to deprive the Government of the funds permanently is unpersuasive.

The argument is flawed because the Government was not required to prove a permanent deprivation; a temporary taking also violates the statute. See 18 U.S.C. § 641; Fifth Circuit Pattern Jury Instructions § 2.33 (West 2001). Moreover, the evidence was sufficient to show that Sparkman intended to convert the funds to his own use, temporarily and/or permanently. Testimony indicated that Sparkman attempted to employ the term "loan" on the checks he drew on his mother's account only to avoid detection. Trial testimony also showed that Sparkman had more than adequate funds to reimburse the Government after he received his mother's life insurance proceeds but chose not to do so despite his characterization of his takings as a loan.

Sparkman additionally argues that the Government engaged in prosecutorial misconduct when it presented false and misleading testimony. However, Sparkman's contention that Terry Lindsey perjured himself is conclusional and devoid of any support in the record. His contention that Agent Peter Moore deliberately misled the jury is also incorrect.

Similarly, Sparkman's allegation that the district court had an "obvious personal prejudice" against him, which deprived him of a fair trial, is unpersuasive because he fails to provide any specific evidence to support his claim.

Sparkman has not demonstrated any error in the district court's judgment.  Accordingly, the judgment is AFFIRMED.